IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Daniel P. Regenold, | Case No: 2:21-cv-1916 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Vascura |
| Ohio State Board of Education, *et al.*, | |
| Defendants. | |

<u>Opinion and Order</u>

Plaintiff Daniel P. Regenold brought this lawsuit over a modest but important matter. He had requested to speak for no more than five minutes at a public meeting of the Ohio State Board of Education., but the Board denied his request. The Board said that it had already closed the book on the topic he wished to address – critical race theory in Ohio education. Board President Laura Kohler notified Regenold that the Board had addressed the topic at prior meetings and passed a final resolution on the matter at least nine months earlier.

Regenold filed suit under 42 U.S.C. § 1983, seeking a preliminary injunction and asserting that the Board violated his rights under the First Amendment to the United States Constitution. He alleged that the Board's decision to deny his request to speak was an overbroad, content-based restriction. Pointing to the language of the Board's applicable policy on conducting public meetings, Regenold argued that critical race theory remained an "issue of general interest" for which the Board's policy promised that the public would always have the right to speak.

Regenold's request for injunctive relief became moot about six months later when the Board allowed him and others to speak on critical race theory at public meetings. Later, defendants made an offer of judgment under Federal Rule of Civil Procedure 68, which Regenold accepted. The Court entered Judgment for plaintiff in the amount of $1,000. *See* Doc. 40.

This matter is now before the Court on plaintiff's motion for an award of attorneys' fees of $110,544.50 and costs of $2,033.27.

I. **Matters not in Dispute**

The Court begins by noting that several matters relating to the motion for an award of fees and costs are not disputed. Defendants concede that plaintiff is a prevailing party who is entitled to

an award of attorneys' fees and costs. Judgment was entered in plaintiff's favor on his § 1983 claim, which entitles him to an award under 42 U.S.C. § 1988(b). Defendants' offer of judgment included "costs and attorneys' fees to be determined by the Court." Doc. 39-1.

Defendants also do not contest the amount of costs. Plaintiff seeks costs of $2,033.27, which include the filing fee and transcript fees. Finally, defendants generally do not dispute the reasonableness of the hours expended by plaintiff's counsel.

Defendants, however, object to two aspects of plaintiff's motion. First, they argue that the hourly rates sought by plaintiff's counsel are unreasonable. Second, they argue that plaintiff should not be able to recover attorneys' fees for the hours expended on plaintiff's motion for a preliminary injunction, which was unsuccessful in defendants' view.

## II. Attorneys' Fees

### A. Lodestar Method

The Court calculates an award of attorney's fees by using the lodestar method, under which a reasonable hourly rate is multiplied by the number of hours reasonably expended on the litigation. *Lee v. Javitch, Block & Rathbone, LLP*, 568 F.Supp.2d 870, 879–80 (S.D. Ohio 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The reasonable hourly rate should be determined according to "the 'prevailing market rate[s] in the relevant community.'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The reasonable number of hours will not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The lodestar method is designed to attract competent counsel to vindicate a person's constitutional rights but is not intended to serve as a windfall for attorneys. *Coulter v. Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986).

### B. Hourly Rate

Two attorneys represented plaintiff. Curt Hartman has been practicing law for 28 years. He has worked at several well-regarded law firms in Ohio, served as Special Legal Counsel to United States Senator Michael DeWine, and served for two years as a judge of the Hamilton County Court of Common Pleas. Mr. Hartman currently is a solo practitioner in Cincinnati, and he specializes in election law and constitutional law.

2

Christopher Finney has been practicing law for 35 years. He too has worked at several well-regarded firms in the Cincinnati area. He currently is the owner and principal of the Finney Law Firm, LLC, which employs 14 attorneys. He handles a variety of types of litigation.

Mr. Hartman seeks approval of an hourly rate of $610 and Mr. Finney seeks an hourly rate of $575. In support, they have submitted their own declarations, which detail their extensive litigation experience and provide a sample of cases in which courts have approved their hourly rates in the range of $440 to $500. *See, e.g., Liberty Coins, LLC v. Williams*, 2:21-cv-998 (S.D. Ohio April 10, 2018) (awarding $480/hr to Mr. Hartman in 2018). They have also submitted the declaration of attorney Richard Wayne, a partner with the Cincinnati law firm of Strauss Troy. Mr. Wayne states that he is familiar with the rates charged in the Southern District of Ohio by attorneys who have the experience of plaintiff's counsel and who practice the types of law which they practice. Mr. Wayne believes that the hourly rates sought by plaintiff's counsel are reasonable.

Defendants argue that counsel's rates are excessive. They cite the Ohio State Bar Association's Report on The Economics of Law Practice in Ohio for the proposition that a reasonable rate would not exceed $400 per hour.

The Court agrees with defendants that the rates sought by plaintiff's counsel are somewhat excessive. The OSBA's Report is a resource the Court has used in past cases to help determine reasonable hourly rates. *See, e.g., Corbin v. Steak n Shake, Inc.*, No. 2:17-CV-1043, 2020 WL 1899124, at *2 (S.D. Ohio Apr. 17, 2020), *aff'd*, 861 Fed. App'x 639 (6th Cir. 2021); *Hines v. DeWitt*, No. 2:13-cv-1058, 2016 WL 2342014 at *3 (S.D. Ohio May 4, 2016), *aff'd sub nom. Hines v. City of Columbus*, 676 Fed. App'x 546 (6th Cir. 2017). Using the rates from the OSBA Report for downtown Columbus and for lawyers with the years of experience of plaintiff's counsel would suggest that a range of $350 to $400 per hour would have been a reasonable rate in 2019. Both parties agree that a 4% adjustment for inflation is reasonable. *See Ball v. Kasich*, No. 2:16-CV-282, 2020 WL 3050241, at *2–3 (S.D. Ohio June 8, 2020) (citing cases from the Southern District of Ohio in which a 4% annual inflation rate was applied). Applying a 4% adjustment for annual inflation yields a range of $380 to $450 per hour for the 2021 and 2022 time frame in which this case was litigated.

Plaintiff, in seeking a higher rate, cites a recent decision by Judge Cole of the Southern District of Ohio, in which he held that $517 per hour was a reasonable rate for both Mr. Hartman and Mr. Finney in a § 1983 suit. *Oppenheimer v. City of Madeira, Ohio*, No. 1:19-CV-770, 2022 WL 4232836, at **3–4 (S.D. Ohio Sept. 13, 2022) (adopting the recommendation of the magistrate judge).

3

After considering the cases cited by plaintiff and the OSBA's Report, the Court finds that $500 per hour is a reasonable rate for both Mr. Hartman and Mr. Finney. The Court believes that it is appropriate to award a rate somewhat higher than the OSBA Report's median range because of counsel's considerable experience and expertise, as well as their excellent representation in this case. The Court further finds that an hourly rate of $500 would have attracted competent counsel to represent plaintiff.

### C. Hours Expended

Mr. Hartman billed 152.6 hours and Mr. Finney billed 23.5 hours. Defendants challenge only one aspect of the hours expended by plaintiffs' counsel. They argue that the 37.0 total hours expended in connection with plaintiff's motion for a preliminary injunction should be excluded because the motion was unsuccessful. Defendants call the motion unsuccessful because the Court denied it as moot.

The motion for a preliminary injunction sought an order requiring defendants to allow plaintiff to speak for up to five minutes at a public meeting of the State Board of Education. Significant effort was expended on the motion: the Court conducted three telephone conferences with the parties and the parties conducted discovery and fully briefed the issues. Defendants later agreed to provide plaintiff with an opportunity to speak, and the Court denied the motion as moot.

The Court disagrees with defendants' characterization of the motion as "unsuccessful." The motion raised significant First Amendment issues and was supported by a substantial body of case law. Plaintiff brought the motion in a thoughtful fashion, designed to vindicate his right to free speech in a public forum. Though the Court did not need to rule upon the motion, it may well have granted the motion, and ultimately plaintiff received precisely the relief he sought.

The Court also disagrees with defendants' statement that the action of "third parties" is what achieved relief for plaintiff. *See id.* at PAGEID 638. By "third parties," defendants seem to be referring to certain Board members who were not named as individual defendants in the complaint and who, after the lawsuit and motion were filed, voted in favor of allowing plaintiff and others to speak on critical race theory at the Board's public meetings. However, the Board itself was named as a defendant, and it was an action of the Board (through its voting members) which provided the relief plaintiff requested. *See* State Bd. Of Educ. Sept. 21, 2021 meeting, available at https://ohiochannel.org/video/state-board-of-education-9-21-21 at 1:12:35 to 1:15:07 (going into executive session for "the purpose of conferring with legal counsel about matters that are the subject of pending or imminent court action").

4

Defendants argue that the Court cannot, under binding case law, treat plaintiff's motion for a preliminary injunction as the catalyst for the Board's vote to allow plaintiff to speak. Defendants cite *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Resources*, 532 U.S. 598 (2001). In *Buckhannon*, the Supreme Court held that a "catalyst theory" cannot be used to establish that a party is the prevailing party for purposes of being entitled to a fee award under federal civil rights statutes. *Id.* at 605. It takes more than the filing of an action and the defendant making concessions in order for a civil rights plaintiff to be the prevailing party. *Id.* The Supreme Court required that the trial court must create an "alteration in the legal relationship of the parties" in order for the plaintiff to be a prevailing party. *Id.* One way a trial court can accomplish that end is to enter judgment in plaintiff's favor, no matter how small the amount of damages. *Id.* at 603–04.

Defendants' argument is of no avail here. Plaintiff is not asserting a catalyst theory to establish that he is the prevailing party. Indeed, the judgment entry in his favor, which awarded him $1,000 in damages, suffices under *Buckhannon* to establish plaintiff as the prevailing party.

Plaintiff instead is using a catalyst-type argument to support the reasonableness of expending hours in moving for a preliminary injunction. The Court agrees that it was reasonable for plaintiff to expend legal resources on pursuing preliminary injunctive relief, considering that an opportunity to speak was the primary relief he was seeking and that the Board had formally denied him of that opportunity before he filed suit. *See Clark v. Sims*, 894 F. Supp. 868, 871 (D. Md. 1995) ("[O]nce a party has been otherwise found to be a prevailing party, [a] catalyst theory remains available for consideration as a factor in arriving at the actual amount of the fee award, if any."); *Lucas v. Guyton*, 901 F. Supp. 1047, 1055–56 (D.S.C. 1995) ("agree[ing] entirely" with the analysis in *Clark*).

### D.     Fee Award Calculation

The Court awards attorneys' fees to plaintiff as follows:

- $76,300.00 for Mr. Hartman's services ($500/hr multiplied by 152.6 hours);
- $11,750.00 for Mr. Finney's services ($500/hr multiplied by 23.5 hours); and
- $946.00 for the services of other attorneys and of paralegals at the Finney Law Firm

This results in a total attorneys' fee award of $88,996.00.

**III.     Conclusion**

Accordingly, plaintiff's motion for an award of attorneys' fees and costs (doc. 45) is GRANTED.  Plaintiff is awarded $88,996.00 in attorneys' fee and $2,033.27 in costs, for a total award of $91,029.27.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: July 14, 2023